OTTO W. VOLGER *vs.* GEORGE W. RAY.

Hampden.    Sept. 27. — Oct. 21, 1881.    LORD & DEVENS, JJ., absent.

A member of a voluntary association is not liable for a debt incurred by a committee of the association, if it does not appear that the member was present at the meeting appointing the committee, and there is no evidence of the authority of the committee to incur the debt.

CONTRACT to recover $25. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on the following agreed facts :

The defendant was, at the time the alleged cause of action accrued, a member of the New England Pigeon and Bantam Society, a voluntary association organized in Springfield and not incorporated under any general or special law of this Commonwealth. One of the objects of this society was the holding of public exhibitions of poultry and pigeons, charging fees of admission thereto to the public. In December 1878, such a public exhibition was holden in Springfield, under the entire charge and control of an executive committee duly appointed by the society for that purpose. This committee issued a premium list offering upon certain conditions certain premiums to be competed for thereat, and establishing rules for the government of the exhibition. One of said premium lists was sent by the committee to the plaintiff and received by him. The plaintiff entered for competition at this exhibition twenty-seven birds, paying therefor the entrance fee prescribed by the rules of the committee, and which amounted to $13.50, and in all other

respects the plaintiff complied with the provisions of said rules. The committee stated in said premium list that all general and special premiums should be paid in full. The judge appointed by the committee to award premiums at this exhibition awarded premiums upon the birds entered by the plaintiff, amounting, in all, to $25, which sum has never been paid. The receipts of the exhibition were insufficient to pay the general expenses of the same and the premiums awarded thereat; and the defendant with other members of the society, as well as other persons not members of the society, contributed to pay all the indebtedness of the society except the amount alleged to be due the plaintiff. The defendant was not a member of the said committee.

If on these facts the plaintiff was entitled to judgment, interest was to be added from December 19, 1878; otherwise, judgment for the defendant.

*J. M. Ross*, for the plaintiff.

*W. G. White*, for the defendant.

ENDICOTT, J. The only facts we have touching the character and objects of this society are, that it was a voluntary association, not incorporated under any general or special law, and that one of its objects was the holding of public exhibitions of poultry and pigeons, at which the public were admitted on the payment of admission fees. It also appears that such an exhibition was held in December 1878, under the charge of the executive committee, which was duly appointed by the society for that purpose. This committee offered certain premiums to exhibitors, and established rules for the government of the exhibition, and gave notice that all premiums would be paid in full.

At this exhibition, the plaintiff offered certain birds, (it does not appear whether they were pigeons or bantams,) for premium; and a premium was awarded to him, which has not been paid. He therefore brings his action against the defendant, a member of the association, but not a member of the committee. It is evident that this case is brought before us upon an imperfect and insufficient statement of facts. It fails to show the authority of the committee to offer premiums, or the obligations and duties of the members of the association; and we cannot say, as matter of law, that the committee had such authority.

It does not appear, as in *Newell* v. *Borden*, 128 Mass. 31, that the defendant was present when the committee was appointed. Nor does it appear what expenses the committee was then authorized to incur. *Judgment for the defendant.*